PROB 12C
(6/16)

Report Date: March 24, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Shaunte Lamar Rowe    Case Number: 0980 2:16CR00034-WFN-2

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: June 20, 2018

Original Offense:    Conspiracy to Possess with Intent to Distribute 50 Grams or More of Pure (Actual) Methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii)

Original Sentence:    Prison - 56 days    Type of Supervision: Supervised Release
                      TSR - 60 days

Revocation Sentence:    Prison - 3 months
(July 21, 2021)         TSR - 48 months

Asst. U.S. Attorney:    Caitlin A. Baunsgard    Date Supervision Commenced: October 11, 2021

Defense Attorney:    Colin G. Prince    Date Supervision Expires: October 10, 2025

## PETITIONING THE COURT

To issue a summons.

On October 15, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Rowe as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: On February 2 and 9, 2022, Shaunte Rowe allegedly violated special condition number 4 by failing to report for phase urinalysis testing when his assigned color was identified for testing. |
| | On February 3, 2022, this officer received notification from Pioneer Human Services (PHS) that the offender had failed to report for phase urinalysis testing on February 2, 2022, when his assigned color was identified for testing. |

Prob12C
**Re: Rowe, Shaunte Lamar**
**March 24, 2022**
**Page 2**

Shortly before close of business on February 3, 2022, Mr. Rowe sent this officer a text message stating he had been unable to report for either his substance abuse group session or phase urinalysis test on that date because he was "stuck at work." PHS subsequently confirmed the offender had failed to report for both treatment and urinalysis testing on February 3, 2022.

On February 4, 2022, the offender reported to the U.S. Probation Office for random urinalysis testing as instructed by this officer and provided a urine sample that tested negative for any illicit substances.

Just days later, on February 10, 2022, the undersigned officer received notification from PHS that the offender again had failed to report for phase urinalysis testing on February 9, 2022.

2    **Mandatory Condition #2**: You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance, including marijuana, which remains illegal under federal law.

**Supporting Evidence**: On or about February 9, 2022, Shaunte Rowe allegedly violated mandatory condition number 2 by consuming methamphetamine and marijuana.

On February 10, 2022, this officer contacted the offender regarding his failure to report for phase urinalysis testing the day prior. Mr. Rowe claimed he had not called into the phase urinalysis hotline on February 9, 2022, because he was not expecting his assigned color to be identified for testing so soon after back-to-back testing at the beginning of the month.

During that conversation, the undersigned attempted to give the offender an opportunity to submit to random urinalysis testing on February 10, 2022, in an attempt to excuse his missed test the day prior, he suggested he would not be able to report as instructed because of work. The undersigned then offered to refer Mr. Rowe to PHS for testing, but he again suggested he would not be able to report as instructed. This officer expressed concerns that his reluctance to report for urinalysis testing, after having failed to report for phase urinalysis testing three times in one week, was indicative of drug use. The offender subsequently admitted to the use of methamphetamine and marijuana on or about February 9, 2022.

On February 11, 2022, the offender reported to the U.S. Probation Office to meet with this officer as instructed. He signed an admission of use form confirming his use of methamphetamine and marijuana use on or about February 9, 2022. After our meeting, Mr. Rowe was instructed to report to PHS for random urinalysis testing.

On February 12, 2022, PHS notified this officer that the offender reported for urinalysis testing on February 11, 2022, as instructed. According to PHS, Mr. Rowe provided a urine sample that tested presumptive positive for amphetamine, methamphetamine, marijuana and cocaine; additionally, the offender signed an admission of use form admitting to the use of those controlled substances on or about February 9, 2022.

3    **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

Prob12C
Re: Rowe, Shaunte Lamar
March 24, 2022
Page 3

**Supporting Evidence**: On February 28, 2022, Shaunte Rowe allegedly violated special condition number 3 by failing to report for his individual drug treatment session as scheduled.

On February 28, 2022, this officer received notification from PHS that the offender failed to report for his individual drug treatment sessions on that date as scheduled.

On March 1, 2022, the undersigned contacted Mr. Rowe regarding his failure to report for treatment the day prior; he claimed he missed his session because he lost his wallet which had the appointment reminder card in it. When this officer asked if he had attempted to contact PHS or this officer to inquire about his appointment information after losing his wallet, the offender acknowledged that he had not.

4   **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On March 7, 2022, Shaunte Rowe allegedly violated special condition number 3 by being dismissed from his treatment session.

On March 7, 2022, this officer received notification from PHS that the offender had been dismissed from his drug treatment session on that date. According to the information provided to the undersigned, Shaunte Rowe was present for his virtual substance abuse treatment session on that date, but he was subsequently removed from the session for discussing his case with another participant in the group.

5   **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On March 11, 2022, Shaunte Rowe allegedly violated standard condition number 5 by failing to live at a place approved by the probation office.

In February 2022, the offender informed this officer he would need to find new housing arrangements because he would no longer be able to live in the apartment he had been renting. The undersigned provided Mr. Rowe with the contact information for the Lincoln House. He indicated he preferred not to live in shared housing, so he advised he would explore other options. He was expected to be out of his apartment by March 1, 2022, so the offender was instructed to keep this officer updated about his living arrangements.

On March 1, 2022, the undersigned contacted the offender and he was again instructed to provide the undersigned with his housing information.

This officer did not receive any information from the offender, as instructed, so he was again contacted on March 9, 2022. Mr. Rowe claimed his ex-girlfriend had offered him a place

to stay. In order to establish an approved residence for the offender, an initial inspection was quickly scheduled for March 11, 2022, even before a background check of his ex-girlfriend had been completed.

On the morning of March 11, 2022, an initial inspection of the residence was conducted and the apartment was subsequently approved for the offender to reside at.

On March 23, 2022, this officer spoke with staff at a Motel 6 who advised that Mr. Rowe had stayed at their establishment on March 11 and 12, 2022.

6     **Special Condition #3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On March 15, 2022, Shaunte Rowe allegedly violated special condition number 3 by failing to attend his substance abuse group treatment session as scheduled.

On March 15, 2022, this officer received notification from PHS that the offender had failed to attend his substance abuse group treatment session. Later that same date, the offender sent this officer a text message stating he had fallen asleep and subsequently missed his group session.

On March 22, 2022, PHS confirmed that because of his dismissal from treatment on March 7, 2022, as well as his missed treatment session on March 15, 2022, Mr. Rowe was currently considered to be noncompliant with his treatment program.

7     **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On March 15, 2022, Shaunte Rowe allegedly violated special condition number 4 by failing to report for phase urinalysis testing when his assigned color was identified for testing.

After close of business on March 15, 2022, at approximately 6:41 p.m., the offender sent this officer a text message stating he had fallen asleep and subsequently would not be able to report to PHS in time to submit to phase urinalysis testing.

On March 16, 2022, the undersigned contacted the offender to discuss his failure to report for both treatment and urinalysis testing with PHS on March 15, 2022. Mr. Rowe was then instructed to report to the U.S. Probation Office to submit to random urinalysis testing.

On March 16, 2022, the offender reported to the U.S. Probation Office as instructed; he is noted as signing in at 1:02 p.m. Mr. Rowe claimed he had to use the bathroom so badly upon arriving at the federal building that he could not wait until he got into the probation office, and thus used the bathroom in the lobby of the building. The offender then suggested

Prob12C
**Re: Rowe, Shaunte Lamar**
**March 24, 2022**
**Page 5**

    to office staff that because he would now need to wait in order to provide a urine sample, he had to put more money in his parking meter. Mr. Rowe then left the office, which is prohibited by the testing instructions that were reviewed with and signed by the offender previously.

    Approximately 20 minutes later, at 1:30 p.m., the offender returned to the probation office and was suddenly able to provide a urine sample. Mr. Rowe then provided a urine sample that tested presumptive negative, but because he had left the probation office after checking in, which is prohibited, he was informed the sample would not excuse his missed phase urinalysis from the day prior.

8      **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

    **Supporting Evidence**: On March 17, 18 and 21, 2022, Shaunte Rowe allegedly violated special condition number 13 by failing to check-in with the undersigned officer as instructed.

    On March 16, 2022, after confirming that his ex-girlfriend had an outstanding warrant for her arrest, this officer contacted Mr. Rowe to inform him that his request to reside in her home was denied. Because the offender did not have an alternate place to live, the undersigned discussed different options with him to include temporarily residing at the Union Gospel Mission (UGM) men's shelter or renting a motel room until he could get into a clean-and-sober house. Mr. Rowe advised that neither of those alternatives were feasible because he was trying to save his money for the down-payment and first months rent on an apartment of his own.

    This officer subsequently allowed the offender to remain at his ex-girlfriend's house for a few more days while he made other arrangements. He was although instructed to check-in with the undersigned on March 17, 18, and 21, 2022, so we could discuss his housing situation.

    On March 22, 2022, this officer contacted the offender, who stated he did not contact this officer because he did not have anything to report. It was later discovered he had not stayed at the residence as agreed upon during our conversation on March 16, 2022, but instead went to a motel, which he failed to notify the assigned officer of.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   03/24/2022

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
**Re: Rowe, Shaunte Lamar**
**March 24, 2022**
**Page 6**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[x]   The Issuance of a Summons
[ ]   Other

_____
Signature of Judicial Officer

___March 24, 2022_____
Date